**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY GOODMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 12-cv-9851 |
| v. | ) ) | Hon. Charles P. Kocoras |
| CASTING360, LLC, a California limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT**

Submitted by:

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
Peter K. Carlson
*pcarlson@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

*Attorneys for Plaintiff and the
Proposed Settlement Class*

**Table of Contents**

I.     INTRODUCTION ................................................................1

II.    NATURE OF LITIGATION ...............................................................2

       A.   Summary of the Litigation & Settlement ...............................................2

       B.   Defendant's Position ...........................................................2

III.   SETTLEMENT TERMS ...............................................................2

       A.   Settlement Class Definition ...............................................2

       B.   Injunctive Relief for the Benefit of the Settlement Class .......................................2

       C.   Scope of the Release ...............................................................3

       D.   Other Relief...............................................................3

             1. Incentive Award to the Class Representative ...............................................4

             2. Payment of Attorneys' Fees and Expenses ...............................................4

IV.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED ..........................4

       A.   The Requirement of Numerosity is Satisfied ..........................................5

       B.   The Requirement of Commonality is Satisfied...........................................5

       C.   The Requirement of Typicality is Satisfied ..........................................6

       D.   The Requirement of Adequate Representation is Satisfied ...................................6

       E.   The Proposed Settlement Class Meets the Requirements of Rule 23(b)(2).............7

       F.   Notice of Certification and Settlement is not Required Under Rule 23(b)(2) .........8

V.     THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS SETTLEMENT COUNSEL ...............................................................10

VI.   THE PROPOSED SETTLEMENT WARRANTS APPROVAL. ....................................10

       A.   Strength of Plaintiff's Case Compared to Settlement Weighs in Favor of Granting Approval ...............................................................11

       B.   The Increase in Complexity, Length, and Expense of Continued Litigation Favors Approval of the Settlement ...............................................................12

C.   The Proposed Settlement is fair to the Entire Class and would not result in Opposition ..............................................................................................................13

D.  Competent Counsel's Opinion Favors Approval .....................................................13

E.  The Stage of the Proceedings and the Amount of Discovery Weigh in Favor of Final Approval of the Settlement ...........................................................................14

VII.   THE COURT SHOULD APPROVE ATTORNEY'S FEES BECAUSE THEY ARE REASONABLE .................................................................................................................14

VIII.   THE COURT SHOULD APPROVE AGREED-UPON INCENTIVE REWARD...........15

IX.   CONCLUSION..................................................................................................................17

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)..................................................................................................4

*Blanchard V. Bergeron,*
489 U.S. 87 (2007)..................................................................................................14

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)..................................................................................................4

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 (2011)......................................................................................5, 8, 10

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*In re Allstate Ins. Co.,*
400 F.3d 505 (7th Cir. 2005) ..................................................................................8

*In re Synthroid Marketing Litigation,*
264 F.3d 712 (7th Cir. 2001) ................................................................................15

*Isby v. Bayh,*
75 F.3d 1191 (7th Cir. 1996) ..........................................................................11, 13

*Patterson v. Gen. Motors Corp.,*
631 F.2d 476 (7th Cir. 1980) *cert. denied*, 451 U.S. 914 (1980)...................................5

*Robinson v. City of Harvey,*
489 F.3d 864 (7th Cir. 2007) ................................................................................14

*Synfuel Techs., Inc., v. DHL Express (USA), Inc.,*
463 F.3d 646 (7th Cir. 2006) ................................................................................11

*Szabo v. Bridgeport Machines, Inc.,*
249 F.3d 672 (7th Cir. 2001) ..................................................................................4

*Uhl v. Thoroughbred Technology and Telecommunications, Inc.,*
309 F.3d 978 (7th Cir. 2002) ................................................................................11

**UNITED STATES DISTRICT COURT CASES**

*Buycks-Roberson v. Citibank Federal Sav. Bank,*
162 F.R.D. 322 (N.D. Ill. 1995)..............................................................................7

*Edmondson v. Simon*,
86 F.R.D. 375 (N.D. Ill. 1980) ........................................................................................7

*Gomez v. Ill. State Bd. of Educ.*,
117 F.R.D. 394 (N.D. Ill. 1987) ......................................................................................7

*Harman v. Lymphomed, Inc.*,
787 F. Supp. 772 (N.D. Ill. 1992) ..................................................................................14

*Hinman v. M and M Rental Ctr., Inc.*,
545 F. Supp. 2d 802 (N.D. Ill. 2008) ..............................................................................7

*In re AT & T Mobility Wireless Data Services Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) .................................................................11, 12, 13, 14

*In re Kentucky Grilled Coupon Marketing & Sales Practices Litigation*,
280 F.R.D. 364 (N.D. Ill. 2011) .....................................................................11, 12, 13

*In re Neopharm, Inc. Securities Litigation*,
225 F.R.D. 563 (N.D. Ill. 2004) ......................................................................................6

*Kaufman v. American Exp. Travel Related Services Co., Inc.*,
264 F.R.D. 438 (N.D. Ill. 2009) ....................................................................................14

*Mangone v. First USA Bank*,
206 F.R.D. 222 (S.D. Ill. 2001) .....................................................................................11

*Maxwell v. Arrow Fin. Servs., LLC*,
2004 WL 719278 (N.D. Ill. March 31, 2004) .................................................................5

*Pope v. Harvard Banchares, Inc.*,
240 F.R.D. 383 (N.D. Ill. 2006) ......................................................................................5

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003) ......................................................................................6

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) .......................................................................15, 16

*Smith v. Nike Retail Servs., Inc.*,
234 F.R.D. 648 (N.D. Ill. 2006) ......................................................................................5

## STATUTES AND FEDERAL RULES

47 U.S.C. §227 ..................................................................................................................2

Fed. R. Civ. P. 23(a) .................................................................................... *passim*

Fed. R. Civ. P 23(b) ............................................................................................ *passim*

Fed. R. Civ. P 23(c) ........................................................................................8, 9, 12

Fed. R. Civ. P. 23(d) ...................................................................................................9

Fed. R. Civ. P 23(e) ..................................................................................................10

Fed. R. Civ. P 23(g) .............................................................................................9, 10

**MISCELLANEOUS**

7AA FED. PRAC. & PROC. CIV. § 1786
(3d ed.) .......................................................................................................................9

*Manual for Complex Litigation*
(4th ed. 2004) ............................................................................................................4

*Newberg on Class Actions* § 14:03
(3d ed.1992) .............................................................................................................15

## I.    INTRODUCTION

The settlement before the Court resolves a class action brought by Plaintiff Zachary Goodman after Defendant Casting360, through third-party marketing vendors, sent numerous text messages advertising its services to consumers' wireless phones throughout the United States. Plaintiff's lawsuit sought statutory damages under the Telephone Consumer Protection Act ("TCPA") as well as injunctive relief prohibiting future unsolicited commercial text messages.

After informative and productive settlement negotiations with opposing counsel, the Parties reached an injunctive-based settlement agreement in which Casting360 agrees to perpetually comply with the TCPA and abide by safeguards put in place to accomplish this goal. As detailed below, this is an injunctive-only settlement and does not release putative Class Members' claims for monetary relief, thereby allowing putative Class Members to benefit from strong injunctive measures while remaining capable of pursuing monetary claims on an individual or class basis.

Based on Casting360's size and resources, meaningful monetary relief under the TCPA is simply not feasible. However, the injunctive relief provided in the settlement provides meaningful relief to consumers. Plaintiff respectfully requests that the Court approve the Settlement as reasonable and fair, certify the Settlement Class under Fed. R. Civ. P. 23(b)(2), appoint Plaintiff Zachary Goodman as the Class Representative, his counsel as Class Counsel on behalf of the Settlement Class, approve the requested (and unopposed) attorney's fees and incentive award, and enter the proposed order granting final approval of the Settlement. (The Proposed Order is attached as Exhibit A to the Settlement Agreement, attached hereto as Exhibit 1.)

## II.    NATURE OF THE LITIGATION

### A.        Summary of the Litigation & Settlement.

On December 10, 2012, Plaintiff brought a putative class action against Casting360 in the United States District Court for the Northern District of Illinois, based on Casting360's alleged practice of transmitting unsolicited text messages via third-party marketing vendors. (Dkt. No. 1 ¶¶ 1-4.) The Complaint alleged a cause of action for violation of the Telephone Consumer Protection Act (47 U.S.C. §227). (Dkt. No. 1.) The Complaint sought injunctive relief as well as monetary damages. (Dkt. No. 1.)

After filing suit, Plaintiff's Counsel spoke with Casting360's Counsel to exchange information and views about the claims. These discussions were productive and led to the proposed Settlement presently before the Court. (*See* Ex.1.)

### B.  Defendant's Position.

Casting360 denies any wrongdoing whatsoever, maintains that it has meritorious defenses to the claims alleged in the Action, and was prepared to vigorously defend the Action.

## III.    SETTLEMENT TERMS

### A.  Settlement Class Definition.

The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Casting360, LLC.

(Ex. 1, § 1.9.)

### B.  Injunctive Relief for the Benefit of the Settlement Class.

As set out in the Parties' Settlement Agreement, Casting360 has agreed to an injunction of perpetual duration such that it agrees to always comply with the TCPA. (Ex. 1, §2.1.) The

Settlement requires meaningful and proactive steps by Casting360 prior to undertaking any marketing activities that fall under the TCPA. (Ex. 1, §2.1.) In particular, Casting360 must:

> a) employ a "due diligence" check list for evaluating a prospective text marketing vendor's commitment to complying with the TCPA and the practices and systems it utilizes to achieve and maintain TCPA compliance;

> b) contractually prohibit every text marketing vendor of Casting 360 from sending texts to consumers on its behalf without their prior consent;

> c) require every text marketing vendor of Casting 360 to agree in writing that they are and shall remain in compliance with all federal and state laws and regulations pertaining to text marketing, including, in particular, the TCPA;

> d) take all reasonable and available steps to determine that its text marketing vendors are complying with the TCPA requirement of prior consumer consent to receive texts, including mandating that vendors submit to random regular compliance checks in which they must provide proof of consent from consumers who are being sent texts on Casting 360's behalf; and

> e) take prompt and effective corrective action upon discovery of non-consensual texts being sent to consumers by its text marketing vendors, including non-payment and termination of business relations.

### C. Scope of the Release.

In exchange for the relief provided above, and upon entry of an order approving this Settlement, Casting360 and each of its related affiliates and entities will be released by the Proposed Class for injunctive or declaratory relief, based on facts alleged in the Complaint. The Proposed Class's release does not include any claim for monetary relief. (*See* Ex. 1, § 3.2 for the full release.)

### D. Other Relief.

In addition to the injunctive relief discussed above, Casting360 has agreed to the following relief:

**Incentive Award to the Class Representative.** Under the Settlement Agreement, and in recognition of his efforts on behalf of the proposed Settlement Class, Casting360 has agreed to pay Plaintiff an incentive award of $1,500. (Ex. 1 § 2.3.)

**Payment of Attorneys' Fees and Expenses.** Under the Settlement Agreement, Casting360 has agreed to pay Class Counsel attorneys' fees and reimbursement of expenses in the amount of $27,000.

## IV.    THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED.

Prior to granting approval of a class settlement, the Court should determine that the proposed settlement class is proper for settlement purposes. MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet the following prerequisites of Rule 23(a): Numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1-4). After meeting the strictures of Rule 23(a), the plaintiff must meet one of the standards set forth in Rule 23(b). Fed. R. Civ. P. 23(b). Here, Plaintiff seeks certification under Rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) (holding that a preliminary inquiry into the merits "is directly contrary to the command of [Rule 23(c)(1)]). As such, the Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond the pleadings to determine if the claims are suitable for resolution on a class-wide basis. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001).

## A. The Requirement of Numerosity is Satisfied.

The numerosity prerequisite is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). Instead, courts are permitted "to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs.*, LLC, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006). In this case, the Settlement Class is estimated to be at least thousands of individuals, which is more than sufficient to satisfy the Numerosity requirement.

## B. The Requirement of Commonality is Satisfied.

The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality may be demonstrated when the claims of all class members "depend upon a common contention" and "even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); see also *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1980) ("factual variations among class members claims do not themselves defeat the certification of a class" (internal quotations omitted)). The common contention must be of such a nature that it is capable of class-wide resolution, and that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.

As alleged in this case, all Settlement Class Members share the common issue of having received a text message advertising that the recipient should call Casting360's phone number.

(*See* Dkt. No. 1 ¶ 15.) This common issue amount Settlement Class Members results in common factual and legal questions such as: (a) whether Casting360's conduct constitutes a violation of the TCPA; (b) whether the equipment Casting360 used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; and (c) whether Class members are entitled to treble damages based on the willfulness of Casting360's conduct. (Dkt. No. 1 ¶ 23.)

### C. The Requirement of Typicality is Satisfied.

Rule 23 next requires that Plaintiff's claims be typical of those of the putative Settlement Class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if the plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id*. "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).The alleged injury experienced by Plaintiff is exactly the same injury experienced by Settlement Class Members. (*See* Dkt. No. 1 ¶¶ 15-19.) Thus, Plaintiff's claims are typical of those of the proposed Settlement Class, and Rule 23(a)(3) is satisfied.

### D. The Requirement of Adequate Representation is Satisfied.

The Final Rule 23(a) prerequisite requires that the proposed class representative has and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, class representatives must establish that: (i) their claims are not in conflict with those of the proposed class, (ii) they have sufficient interests in the outcome

of the case, and (iii) they are represented by experienced, competent counsel. *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

In this case, Plaintiff has the same interests as the putative Settlement Class Members – all received the identical text message on their wireless phones. (Dkt. No. 1 ¶¶ 15-17.) Therefore, Plaintiff has no interests antagonistic to the interests of the other Settlement Class Members. (Declaration of Joseph J. Siprut, attached hereto as Exhibit 2 ("Siprut Decl.") ¶ 15.) Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have significant experience in consumer class actions involving similar issues, scope, and complexity. (Siprut Decl. ¶ 16.) Accordingly, both Plaintiff and his Counsel would adequately represent the proposed Settlement Class.

### E.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(2).

A party seeking class certification under Rule 23(b)(2) bears the burden of establishing that the defendant has "acted or refused to act on grounds generally applicable to the class," making injunctive relief appropriate. Fed. R. Civ. P. 23(b)(2). Courts in this District have held that under Rule 23(b)(2), the defendant "must have acted in a consistent manner toward members of the class so that [its] actions may be viewed as part of a pattern of activity." *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 322, 334 (N.D. Ill. 1995) (citing *Edmondson v. Simon*, 86 F.R.D. 375, 382-83 (N.D. Ill. 1980). "What is necessary is that the challenged conduct . . . be premised on a ground that is applicable to the entire class." *Edmondson,* 86 F.R.D. at 383.

In analyzing Rule 23(b)(2), the Supreme Court in *Dukes* held:

> The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant

131 S.Ct. at 2557.

In the instant proceeding, the putative Settlement Class as a whole has been subject to the same, uniform conduct, which makes certification under Rule 23(b)(2) appropriate. The injunctive relief applies uniformly by requiring Defendant to take steps to ensure that it complies with the TCPA when utilizing wireless phones for its marketing. (*See* Ex. 1, § 2.1.) This relief provides equal benefit to Plaintiff and each putative Settlement Class Member, and no individual Settlement Class Member is entitled to benefits in a manner different from the others.

### F. Notice of Certification and Settlement is not Required Under Rule 23(c)(2)(A).

Rule 23 does not require notice for classes certified under Rule 23(b)(2). See Fed.R.Civ.P. 23(c)(2)(A) ("For any class certified under. . . (b)(2), the court may direct appropriate notice to the class"). The Advisory Committee Notes to the 2003 Amendment explains that a court has authority that should be exercised with care, discretion, and flexibility. *See* Fed.R.Civ.P. 23(c)(2)(A) advisory committee's note. ("A Rule 23(b)(2) class action does not require giving class members notice of the suit and a chance to opt out of it and bring their own, individual suits; a Rule 23(b)(3) class action does"). "The thinking behind this distinction is that declaratory or injunctive relief will usually have the same effect on all the members of the class as individual suits would." *In re Allstate Ins. Co.*, 400 F.3d 505, 506-07 (7th Cir. 2005).

- 8 -

The Advisory Committee Notes to the 1966 Amendment state that "[i]n the degree that there is cohesiveness or unity in the class and the representation is effective, the need for notice to the class will tend toward a minimum." Fed. R. Civ. P. 23(d)(2) advisory committee's note. In representative actions brought under the other provisions of Rule 23(b), the class generally will be more cohesive. See 7AA FED. PRAC. & PROC. CIV. § 1786 (3d ed.) For example, each member would be affected by a judgment obtained by another if separate individual actions were brought. Likewise, it is less likely that there will be special defenses or issues relating to individual members of a Rule 23(b)(1) or Rule 23(b)(2) class, than in the case of a Rule 23(b)(3) class. *Id*. This means there is less concern about each class member having the opportunity to be present. *Id*. Therefore, in cases brought pursuant to subdivisions (b)(1) or (b)(2), "once the court determines that the members are adequately represented as required by Rule 23(a)(4), it is reasonably certain that the named representatives will protect the absent members and give them the functional equivalent of a day in court." *Id*.

Here, the putative Class is highly cohesive and uniform in the alleged harm and the settlement relief. Plaintiff and the other putative Class Members had identical experiences in that they received the same or substantially similar text messages from Casting360, and the injunctive relief achieved by Plaintiff through settlement has an effect and benefit that may be uniformly applied to the putative Class as a whole. As described above, Plaintiff is an adequate representative of the overall putative Class under Rule 23(a)(4), and his claims and experience are typical relative to all other putative Class Members under Rule 23(a)(3). (Siprut Decl. ¶ 4.)

In sum, because the relief agreed to by the Parties here is solely injunctive, will benefit all Class Members equally, and is based on accused conduct that applies uniformly to the class, notice to absent class members and an opportunity to opt out of the class is not required. *See*

*Dukes*, 131 S.Ct. at 2558 (noting that 23(b)(2) classes are unworkable individually and relief sought in a (b)(2) class "perforce affect[s] the entire class at once" and thus, the class is "mandatory" with no opportunity to opt out). As a result, the Court should exercise its discretion under 23(c)(2)(A) and not require that notice be disseminated to the proposed Settlement Class.

## V. THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS SETLEMENT CLASS COUNSEL.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

As discussed above, Class Counsel has extensive experience in prosecuting class actions and other complex litigation, and specifically has substantial knowledge and experience prosecuting class actions related to technology and privacy. (Siprut Decl. ¶ 16.) Further, Class Counsel has diligently investigated and prosecuted this matter, dedicated resources to the investigation of the claims at issue, and has successfully negotiated the settlement of this matter to the benefit of the putative Settlement Class. (Siprut Decl. ¶¶ 7-14.) Accordingly, the Court should appoint Joseph J. Siprut of Siprut PC to serve as Settlement Class Counsel for the Settlement Class pursuant to Rule 23(g).

## VI. THE PROPOSED SETTLEMENT WARRANTS APPROVAL

Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval[,]" and such approval may occur "only after a hearing and on finding that the [proposal]

- 10 -

is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). Federal courts naturally favor the settlement of class action litigation. *In re Kentucky Grilled Coupon Marketing & Sales Practices Litigation*, 280 F.R.D. 364, 375 N.D. Ill. 2011) [hereinafter *In re Kentucky Grilled Chicken*]. A District Court's inquiry is limited to determining "whether settlement is lawful, fair, reasonable and adequate." *Uhl v. Thoroughbred Technology and Telecommunications, Inc.,* 309 F.3d 978, 986 (7th Cir. 2002) (citing *Isby v. Bayh*, 75 F.3d 1191, 1198-99 (7th Cir. 1996)).

Further, "In evaluating the fairness of a settlement, the Court views the facts in the light most favorable to the settlement." *Isby,*75 F.3d at 1199. "Judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Mangone v. First USA Bank*, 206 F.R.D. 222, 226 (S.D. Ill. 2001). A district court evaluating fairness must consider the following five factors:

> (1) the strength of plaintiffs' case compared to the amount of defendants' settlement offer, (2) an assessment of the likely complexity, length and expense of the litigation, (3) an evaluation of the amount of opposition to settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and amount of discovery completed at the time of settlement.

*In re Kentucky Grilled Chicken*, 280 F.R.D. at 375 (citing *Synfuel Techs., Inc., v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)).

### A. The Strength of Plaintiff's Case Compared to Settlement Weighs in Favor of Granting Approval.

The most important step in deciding whether to approve settlement is balancing the strength of the case with the amount offered in settlement. *Synfuel Technologies, Inc.*, 463 F.3d at 653. The Court "should begin by quantifying the net expected value of continued litigation to the class . . . ." *In re At & T Mobility Wireless Data Services Sales Litigation*, 270 F.R.D. 330, 346-47 (N.D. Ill. 2010) [hereinafter *In re AT&T Mobility* (internal quotation marks omitted).

"Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to [the proposed Class]." *Id.* at 347.

Class Counsel is confident in the strength of Plaintiff's claim; however, he is cognizant of the legal uncertainty in this litigation that would be present absent the instant Settlement Agreement. (Ex. 1 Recital E.) When the strengths of the Plaintiff's claims are weighed against the legal and factual obstacles, combined with the complexity of class action practice, it is apparent that the proposed settlement is in the best interest of Settlement Class Members as it provides strong injunctive relief, and under the circumstances, it would be impossible to provide meaningful monetary relief for a putative Class of over a thousand consumers considering Casting360's size and financial position. (Dkt. No. 1 ¶ 17.) (Ex. 1 § 4.2.) Accordingly, this factor favors approval of the Settlement.

### B. The Increase in Complexity, Length, and Expense of Continued Litigation Favors Approval of the Settlement.

Final approval of a settlement is favored where continued litigation would require resolution of complex issues at considerable expense and would absorb many days of trial time." *In re Kentucky Grilled Chicken*, 280 F.R.D. at 377. Were this case to continue, it would surely increase in complexity. Both parties would expend considerable resources in preparation for trial, including taking depositions, document production, and expert testimony. Given the potentially huge statutory damages on the table, any verdict would likely be followed by an appeal. (Ex. 1 Recital E.) Thus, because the injunctive relief provided in the Settlement Agreement provides an immediate relief for Plaintiff and the Class, the Settlement should be approved.

**C. The Proposed Settlement is Fair to the Entire Class and Would Not Result in Opposition.**

Because Plaintiff's seek injunctive relief only and settlement under Rule 23(b)(2), notice is not required. Fed. R. Civ. P. 23(c)(2)(A). However, because the injunctive relief sought would prevent Casting360 from engaging in any behavior that would violate the TCPA, any objections would not be reasonable. Further, because the Settlement Agreement does not inhibit class members from bringing suit for monetary and statutory damages, the court need only look to see if the terms of the injunction are fair to the class. Thus, this element weighs in favor of approval of the Settlement.

**D. Competent Counsel's Opinion Favors Approval.**

Courts are entitled to rely on the opinion of competent Class Counsel that the settlement is fair, reasonable and adequate, where Class Counsel are qualified, and where discovery and settlement negotiations are extensive and thorough. *In re Kentucky Grilled Chicken*, 280 F.R.D. at 378. A district court may rely on affidavits outlining the qualifications of class counsel in deciding whether to approve a settlement. *See Isby*, 75 F.3d at 1200.

Here, Class Counsel has regularly engaged in major complex litigation and has extensive experience in prosecuting consumer class action lawsuits of similar size and complexity. (*See* Siprut Decl. ¶ 13.) Through their investigation, litigation, and the settlement process, Class Counsel have gained an intimate understanding of the instant litigation, and believe the Settlement clearly meets the "fair, adequate, and reasonable" standard required for Court's approval. (Ex. 1 Recital F.) Casting360's counsel also agrees that the Settlement Agreement is fair. (Ex. 1 Recital D.) Therefore, this factor also favors the Court's approval of the Settlement Agreement.

### E. The Stage of the Proceedings and the Amount of Discovery Weigh in Favor of Final Approval of the Settlement.

The lack of [formal] discovery prior to settlement . . . does not preclude a court from approving a settlement. *In re AT&T Mobility*, 270 F.R.D. at 350; *see also Kaufman v. American Exp. Travel Related Services Co., Inc.*, 264 F.R.D. 438, 447 (N.D. Ill. 2009) (approving settlement that provided for a $3 million settlement fund even though formal discovery had not taken place because the dollar value "appeared to be within the range of reasonable settlements").

While no formal discovery has taken place in this case, Plaintiff's counsel has conducted significant informal discovery and research into the case, and received discovery and other information from Casting360 informally, almost immediately after filing suit. (Siprut Decl. ¶¶ 3-6.) Any additional formal discovery would add little to the parties' understanding of the case. Therefore, this element weighs in favor of approval.

## VII. THE COURT SHOULD APPROVE THE AGREED-UPON ATTORNEYS' FEES AND EXPENSES BECAUSE THEY ARE REASONABLE.

Contingent on Court approval, Casting360 has agreed to pay attorneys' fees and the reimbursement of expenses in the amount of $27,000, which represents a calculation of fees under the lodestar method. (Siprut Decl. ¶¶ 9, 13.) As shown below, the amount of fees agreed to by the Parties is eminently fair and reasonable, and under controlling Seventh Circuit authority, is in line with fees typically approved by this Circuit. The Seventh Circuit has held that "an award of the originally calculated lodestar is presumptively reasonable." *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 95 (2007)). The lodestar can be adjusted up or down to make attorneys' fees fair and reasonable and to take into account the risk involved in a particular case. *Harman v. Lyphomed, Inc.*, 787

F.Supp. 772, 778 (N.D. Ill 1992); *See also Newberg on Class Actions* § 14:03 (3d ed. 1992) (recognizing that multipliers of one to four are frequently awarded).

Here, however, Class Counsel is not requesting any form of a lodestar enhancement. As detailed in the attached declaration of Joseph J. Siprut, Class Counsel has a lodestar figure of $27,000. (Siprut Decl. ¶ 13.) Casting360 has agreed to pay this amount, which was negotiated *only* after first reaching agreement on the terms of the class-wide relief. And, the payment will be made directly by Casting360, and in no way reduces or dilutes the benefits made available to the Class through the settlement.

The attorneys performing work on this litigation are billed at rates that correlate to their respective experience, that are reasonable in the Chicago legal market, and which have been approved by state and federal courts in similar settlements. (Siprut Decl. ¶¶ 10-11.) Further, the hours submitted were reviewed, and any unnecessary hours have been adjusted. (Siprut Decl. ¶ 7.) Class Counsel have expended approximately $1,000 in reimbursable expenses, such as filing fees, appearance fees, travel, and case administration. (Siprut Decl. ¶ 12.) In the end, proposed Class Counsel's fee request is eminently reasonable under the law, and should therefore be approved by the Court.

## VIII.  THE COURT SHOULD APPROVE THE AGREED-UPON INCENTIVE AWARD.

Plaintiff requests that the Court approve the incentive award for Class Representative Zachary Goodman in the amount of $1,500, which Casting260 has agreed to pay. (Ex. 1 § 2.3.) The Seventh Circuit allows incentive awards for named class plaintiffs where "necessary to induce individuals to become named representatives." *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 600-01 (N.D. Ill. 2011) (citing *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722 (7th Cir. 2001)). Factors Courts weigh in determining whether to approve incentive awards include: "the actions the plaintiff has taken to protect the interests of the class, the degree

to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Schulte*, 805 F.Supp.2d at 600.

Plaintiff acted in the best interest of the Class throughout the litigation. (Siprut Decl. ¶ 15.) Plaintiff communicated at length with Class Counsel regarding the factual development of the case and his personal experience with Casting360. (Siprut Decl. ¶ 15.) Further, Plaintiff reviewed many documents filed and exchanged by the Parties, including the complaint, settlement agreement, and other documents, and likewise was consulted on the accuracy of the statements made in these documents and the veracity of the claims. (Siprut Decl. ¶ 15.) During the pendency of this Action, Plaintiff took time out of his personal and professional life, committing all necessary efforts to assist in the preparation, litigation, and settlement of this case on behalf of himself and the putative Class. (Siprut Decl. ¶ 15.) Accordingly, Plaintiff requests that the Court approve the agreed-upon incentive award of $1,500, as it is reasonable and justified.

## IX.    CONCLUSION

WHEREFORE, Plaintiff Zachary Goodman, individually and behalf of the proposed Settlement Class requests that the Court enter an Order as follows:

A.  Approving the proposed Settlement Agreement;

B.  Certifying the Settlement Class;

C.  Appointing Plaintiff as the Class Representative;

D.  Appointing Plaintiff's counsel as Class Counsel;

E.   Entering the proposed order attached hereto; and

F.  Granting such further relief the Court deems reasonable and just.

Dated: February 25, 2013                     Respectfully submitted,

                                             ZACHARY GOODMAN, individually
                                             and on behalf of all others similarly situated

                                             By: _____
                                                  One of the Attorneys for Plaintiff
                                                  And the Proposed Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
Peter K. Carlson
*pcarlson@siprut.com*
**SIPRUT PC**
17 North State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Motion for Approval of Class Action Settlement** was filed electronically with the Clerk of the Court using the CM/ECF system on this 25th day of February, 2013, and served electronically on all counsel of record.

_____
Joseph J. Siprut

4833-3022-7218, v. 3

- 18 -